904 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Johnie E. MEEK, Plaintiff-Appellant,
v.
UNITED MINE WORKERS OF AMERICA, 1950 PENSION TRUST, et al.,
Defendants-Appellees.
 
 No. 89-6221.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1990.
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Johnie E. Meek, as widow and representative of the Estate of Samuel J. Meek, appeals from the district court's summary judgment for defendants-appellees United Mine Workers of America, 1950 Pension Trust, 1950 Pension Plan, and 1950 Benefit Plan and Trust, and the individual trustees (the "Trust") affirming the determination that Meek did not qualify for pension benefits.
 
 
 2
 Samuel Meek filed an application for retirement pension and health benefits with the Trust on March 23, 1973. Given the dates of his coal mining employment and the date of his application, his eligibility for benefits was governed by a document known as "Resolution 90." Resolution 90 requires a minimum age of fifty-five, twenty years work in the coal industry ("classified" work), and at least five years work with employers signatory to a UMWA contract ("signatory" work).
 
 
 3
 Resolution 90 allows up to four years signatory credit for periods of disability during which the applicant received worker's compensation benefits as the result of an occupational disease or injury sustained in the mines. In the case of an injury, the injury must have been sustained while working for a signatory employer. In the case of a disease, credit is allowed only if the applicant can show at least a ten-year foundation of signatory service. Coverage under Resolution 90 was extended by the "Maggard Resolution" in order that a miner who suffered an occupational disease or injury in the mines but failed to secure worker's compensation benefits could receive credit.
 
 
 4
 Upon receipt of Meek's application, the Trust looked to its own records, statements produced by Meek from past employers, and Social Security Administration records to determine Meek's eligibility. From these records, Meek was credited with the necessary age and with twenty years classified service; however, he fell short of the five years of signatory service by three-quarters of a year. Thus, the Trust notified him of a denial of benefits.
 
 
 5
 Meek then attempted to prove that he should have received additional signatory credit for work done at the Mollette Coal Company in 1950 and at the Chandler Coal Company in 1956. Meek produced copies of quarterly employer wage reports for the year 1950 that were belatedly filed in 1976 by one of the owners of Mollette Coal Company. He also produced considerable evidence in the form of affidavits and statements to show that Mollette Coal Company was a signatory employer in 1950.
 
 
 6
 The Trust investigated and could not find documentary evidence that Mollette Coal Company was a signatory mine in 1950. Thus, the Trust declined to grant additional signatory credit for the year 1950 and again denied benefits.
 
 
 7
 In 1979, Meek began trying to establish additional signatory credit under the Maggard Resolution. He applied for consideration under the Maggard Resolution stating that as of 1956 he was disabled from a back injury, a broken rib, and "partly" from occupational disease. His earlier application and correspondence failed to mention the injuries. The Trust denied the claim on the ground that credit could not be given for lost time from an occupational disease without a foundation of ten years signatory service.
 
 
 8
 Meek responded that his claim was based on an occupational injury. The record reveals that Meek sustained a broken rib on or about October 8, 1956, probably when he hit his side against a piece of mining machinery. The Trust decided that it was not necessary to determine the existence and duration of the injury because the Trust's records revealed that Chandler Coal Company, where Meek worked when he sustained the rib injury, did not become a signatory employer until October 25, 1956, after the alleged injury.
 
 
 9
 Meek further supplemented the record with proof that the Chandler Coal Company was a signatory employer. However, by a letter of February 8, 1985, the Trust informed Meek that the additional credit needed was being denied. Consistent with its earlier determination, the Trust found that Chandler Coal Company was not signatory to a union contract until October 25, 1956. Also, the Trust found insufficient evidence to establish the needed classified earnings during 1950 from the Mollette Coal Company and found insufficient evidence that the mine was operated as a signatory mine.
 
 
 10
 On July 20, 1985, Meek began this action in the district court challenging the denial of benefits. Through discovery, he was able to produce more evidence of Chandler Coal Company's signatory status.
 
 
 11
 In the district court, the matter was referred to a magistrate. The magistrate found substantial evidence of Chandler's signatory status as of the date of Meek's injury and recommended that the district court reverse and remand for a determination of the extent and duration of disability arising from the injury. On all other matters, the magistrate recommended affirming the findings of the Trust. The district court entered an order accepting the magistrate's report and recommendation and specifically stated that the order was nonappealable.
 
 
 12
 Upon remand from the district court, the Trust received additional evidence including the statement of a medical consultant, Richard Williams, PA-C. Williams stated an opinion that the disabling effect of Meek's injury lasted approximately three weeks.
 
 
 13
 In its final decision dated October 1, 1987, the Trust concluded that the duration of the injury was approximately three weeks, far short of the necessary three-quarter years needed, and that Meek did not have the foundation of ten years signatory credit needed to receive additional credit based upon an occupational disease. Thus, the Trust denied benefits.
 
 
 14
 In an order entered August 23, 1989, the district court entered summary judgment affirming the denial of benefits. This timely appeal followed and presents the principal issue of whether the Trust acted arbitrarily and capriciously in denying benefits.[1]
 
 
 15
 Upon consideration of the briefs and record herein and after oral argument, the judgment of the district court is AFFIRMED for the reasons stated in its Memorandum Opinion and Order of August 23, 1989, and in the magistrate's Report and Recommendation of July 23, 1986, which was adopted by the district court in its Memorandum Opinion and Order of September 29, 1986.
 
 
 
 [1]
 We recognize that Firestone Tire & Rubber Co. v. Bruch, 109 S.Ct. 948 (1989), worked some changes in the scope of review for challenges under ERISA to a denial of pension benefits. However, both parties recognize that this case falls within an exception to Bruch because the trustees are vested with discretionary authority to determine eligibility for benefits and construe the terms of the plan. See id. at 956; Brown v. Ampco-Pittsburgh Corp., 876 F.2d 546, 550 (6th Cir.1989)